NOT FOR PUBLICATION (Doc. No. 46)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
:
ERICA ATKINSON :
Individually and as the representative of the :
Estate of Sophia Cowan, deceased, :
:
       Plaintiff, : Civil No. 13-4703 (RBK/AMD)
:
    v. : **OPINION**
:
FOREST RESEARCH INSTITUTE, :
INC., et al., :
:
       Defendants.
_____

**KUGLER**, United States District Judge:

    This matter comes before the Court on the Motion of Plaintiff Erica J. Atkinson, individually and as the representative of the Estate of Sophia Cowan, deceased ("Atkinson" or "Plaintiff"), to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. No. 46). The subject of this action is Plaintiff's claims against Forest Research Institute, Inc., Forest Laboratories, Inc., and Forest Pharmaceuticals, Inc. (collectively "Defendants"), alleging that Defendants neglected to inform doctors of the risk of birth defects posed by some of its medications. For the reasons stated herein, Plaintiff's Motion to Dismiss will be granted.

**I.    FACTUAL BACKGROUND**

    This action arises out Defendants' alleged failure to warn doctors of the increased risk of certain birth defects associated with the use of Lexapro, an antidepressant, by pregnant mothers, in which they assert several strict liability and negligence claims. (See Complaint ("Compl.")

(Doc No. 1).)  Plaintiff allegedly ingested Lexapro while she was pregnant with her daughter, (id. ¶ 22), and as a result Atkinson's daughter was born with and died from atrioventricular canal defects shortly after her birth.  (Id. ¶ 2.)

On August 2, 2013, Plaintiff filed her Complaint (Doc. No. 1), against Defendants in this Court.  She did so, alongside multiple other similar cases filed in federal court in New Jersey, in an attempt to "achieve consolidated litigation, conserve judicial resources, and efficiently work up Celexa/Lexapro cases."  (Pls.'s Br. at 1.)  Defendants filed a motion to dismiss based on the statute of limitations on November 4, 2013 (Doc No. 6), which this Court denied on June 18, 2014 (Doc. No. 23).  On July 3, 2014, Defendants each filed Answers to Plaintiff's Complaint (Doc. Nos. 25, 26, 27).  Then, on September 12, 2014, Plaintiff filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2).

Shortly after Plaintiff filed her Complaint, this case was assigned to the "Master Docket," No. 13-cv-1832, in an effort to coordinate pretrial activities of the several similarly-situated cases asserting claims against Defendants, namely that Lexapro allegedly caused a wide variety of birth defects.  See Enoch v. Forest Research Institute, Inc., No. 13-1832 (D.N.J. filed Mar. 25, 2013) (Master Doc. No. 11) (order establishing master docket number for all Forest Research Institute Cases).  Through negotiations between counsel and the Court, the Master Docket parties agreed to a "discovery pool" approach, where six of the cases, though not the instant case, were selected for early discovery, Daubert, and summary judgment proceedings.  See June 19, 2014, Case Management Order "Proposed Discovery Pool" Cases (Master Doc. No. 233).  However, on July 2, 2014, just days after the parties submitted their formalized request to this Court to enter an order on the proposed discovery pool, see Letter from Kenneth R. Meyer (Master Doc. No. 265), this Court entered an order remanding fifteen of the cases on the Master Docket to

state court. See July 2, 2014, Order for Remand (Master Doc. No. 267). Of the cases remaining from the Master Docket, two were dismissed via stipulations, see Dial et al. v. Forest Research Institute, Inc. et al., No. 13-6193 (D.N.J. filed Oct. 17, 2013) (Dial Doc. No. 22) (stipulation of dismissal); Cleary v. Forest Laboratories, Inc. et al., No. 13-1845 (D.N.J. filed Mar. 25, 2013) (Cleary Doc. No. 115) (stipulation of dismissal), one was dismissed on August 13, 2014, for lack of subject matter jurisdiction, see Ortiz v. Forest Laboratories, Inc. et al., No. 14-3826 (D.N.J. filed June 13, 2014) (Ortiz Doc. No. 16) (order dismissing for lack of subject matter jurisdiction), and one was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). See Soderberg et al v. Forest Research Institute, Inc., et al, No. 14-2022 (D.N.J. filed Mar. 31, 2014) (Soderberg Doc. No. 46) (order dismissing Amended Complaint without prejudice).

While Defendants engaged in some electronic discovery for the various plaintiffs on the Master Docket, none of the motion practice issues over electronic discovery matters cited by Defendants seemingly involved Plaintiff in this case.[1] In fact, though Defendants freely vacillate between describing their efforts involved with all of the plaintiffs on the Master Docket (and even those in other jurisdictions), and the specific efforts they expended in furtherance of the instant case, it appears that the only efforts undertaken by Defendants here involve exchanging initial disclosures, serving written discovery requests, and negotiating with Plaintiff on discovery issues. (See Pl.'s Br. at 3; Defs.' Opp'n at 3.) To date, no discovery has been conducted in this case, no depositions have been taken or even scheduled, aside from the Fed. R. Civ. P. 30(b)(6) deposition taken by the Master Docket plaintiffs on March 18, 2014, and no other dispositive

---

[1] Defendants cite certain motions on the Master Docket in asserting that Plaintiff joined in "extensive motion practice on electronic discovery issues," (Defs.' Opp'n at 3), but the Court notes that the first two of these three motions were not joined by Plaintiff in this case, and the third motion, filed on June 17, 2014 (Master Doc. No. 228), addressed the format of production of electronically stored information ("ESI"), was filed on behalf of all parties on the Master Docket, but was never decided by this Court as a result of the order remanding the majority of those cases.

motions are pending.  (Pl.'s Br. at 3; Defs.' Opp'n at 3-4.)  Nor, as noted above, was Plaintiff's one of the six cases originally selected in the first "discovery pool," set for expedited discovery.  (See id.)

## II. DISCUSSION

### A. Dismissal Under Rule 41(a)(2)

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a matter without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A).  If a party has answered or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Whether a Rule 41(a)(2) dismissal should be granted is within the sound discretion of the court.  Quality Improvement Consultants, Inc. v. Williams, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)).  "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted).  Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, e.g., "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." Assadourian v. Harb, No. 06–896, 2009 WL 2424704, at *2 (D.N.J. Aug. 6, 2009) (citing Sporn, 173 F. Supp. 2d at 255).  Additionally, Rule 41 Motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit."  In re Paoli R.R.

4

Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990); see also Environ Products, Inc. v. Total Containment, Inc., No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal prejudice simply does not result … when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing In Re Paoli, 916 F.2d at 863).

In this case, several factors weigh in favor of granting Plaintiff's Motion to Dismiss without prejudice pursuant to Rule 41.

### 1.     The expense of a second litigation would not be excessive or duplicative.

This case was filed shortly after the bulk of the cases on the Master Docket were initially filed in 2013, and since that time very little time has been spent preparing for this case compared to what will be spent completing discovery, preparing future dispositive motions, and preparing for trial.  At most, this case is at the preliminary stages of discovery, as the pending motion for an ESI protocol, originally filed on the Master Docket, has yet to be decided.  While both sides have apparently served certain discovery requests, there is no evidence that significant efforts have been undertaken to produce those materials to this point.

Nor will the work undertaken by Defendants in this case apparently be wasted if Plaintiff refiles in another Court.  This Court has not held Daubert hearings or ruled on the parties' discovery motions, and parties have only exchanged initial discovery requests.  The evidence requested by both parties will likely be relevant in another case filed by Plaintiff, and it does not appear that Defendants have spent significant time producing or requesting materials that would be unnecessary in such a subsequent case.

Despite the litany of efforts Defendants claim they carried out in preparation for this case, it appears the vast majority of those actions were undertaken on behalf of the various plaintiffs

5

on the Master Docket, and were not at the behest of the Plaintiff in this case. The Court anticipates that if Plaintiff does in fact refile in a court where it can consolidate litigation, Defendants <u>may</u> have to readdress some of these issues, but this should still save time and money overall. Rather than facing duplicative discovery and trials for each case tried in a separate forum, increasing Defendants' exposure to duplicative costs, consolidation would likely mitigate such a concern.

**2.     Defendants have not made significant efforts or incurred significant expenses in preparing for trial.**

To date, neither party has apparently expended significant effort or expense preparing this case for trial. As noted above, discovery so far has been minimal. No trial date has been set, and no dispositive motions are pending. A motion to dismiss was filed by Defendants on November 4, 2013, was fully briefed by both parties, and was denied by this Court on June 18, 2014. Otherwise, the parties most recently submitted proposed discovery deadlines for the Court's consideration. Whatever efforts and costs incurred by Defendants in this case that could be deemed wasted are not substantial enough to provide grounds to deny Plaintiff's motion.

The cases cited by Defendants are not to the contrary. In <u>Johnson v. Int'l Broth. of Elec. Workers, Local 1</u>, No. 10-2111, 2012 WL 368713 (E.D. Mo. Feb. 3, 2012), the district court in Missouri declined to grant the plaintiff's Rule 41(a)(2) motion in part because the defendants there incurred "significant expense and have expended a substantial amount of time and effort," in defending their case, "including complying with plaintiff's extensive discovery requests" where the plaintiff had failed to similarly comply with defendants' own discovery requests. <u>Id.</u> at *2. The court in <u>Johnson</u> also rested its decision to deny dismissal without prejudice on the fact that the plaintiff had "[received] facts in discovery that were unfavorable to his case." <u>Id.</u>

6

Unlike the instant case, in Johnson the court did find evidence that the defendants had expended substantial time and resources complying with discovery requests, and also found that the plaintiff had apparently delayed his own compliance with discovery and filed his Rule 41(a)(2) motion only after finding unfavorable facts in the defendants' discovery materials. Nor does the court's reasoning in Levine v. Voorhees Bd. of Educ., No. 07-1614, 2009 WL 2424687 (D.N.J. Aug. 6, 2009), warrant a different finding in this case. There the district court noted that

> This case is far from typical. Rarely, if ever, has this Court seen a case that has consumed the extent of judicial resources as this one. Since the filing of the Complaint, nine formal motions and numerous informal motions/applications have been filed, three appeals of Magistrate Judge Schneider's decisions have been filed (one is currently pending), extensive disagreements regarding discovery have taken place, countless letters to the Court have been filed, and an inordinate amount of time has been spent by Magistrate Judge Schneider in resolving disputes. In short, immense judicial resources have already been spent on this litigation.

Id. at *2. That all occurred over the course of nearly two and a half years. See id. at *1. Clearly this is not the situation in the present case. Only one dispositive motion was ever pending in this case, it can hardly be said extensive disputes have occurred regarding discovery, and few judicial resources have been spent on litigation of the present matter.

### 3. The case not progressed far beyond the pleadings.

As detailed above, this case has not progressed far beyond the initial pleadings. Plaintiff filed her Complaint in early August 2013 and filed the present Motion to Dismiss at the beginning of September 2014. There is no trial scheduled, let alone any "imminent trial date." See Schraeder v. Demilec (USA) LLC, No. 12-6074, 2014 WL 1391714, at *2 (D.N.J. Apr. 8, 2014). No discovery has been ordered or taken place.

7

Defendants argue that the efforts expended in related lawsuits "warrant moving this action towards a disposition on the merits." (Defs.' Opp'n at 7.) The only case cited by Defendants that apparently supports this proposition is <u>Comunidad Autonoma del Pais Vasco v. American Bureau of Shipping, Inc.</u>, No. 04-671, 2006 WL 2254958 (S.D.N.Y. Aug. 4, 2006). However, there the court noted one factor weighing against a Rule 41(a)(2) dismissal was that "the litigation costs and efforts expended by Defendants over the years during which this and related lawsuits by [these Plaintiffs] have been pending have been substantial." The court also found that "very substantial (albeit largely overlapping) discovery has progressed in these consolidated actions, moving both this action and the [another consolidated action] toward trial or other disposition on the merits." That is not the case here. While Defendants apparently face ongoing litigation in multiple courts, Plaintiff in the instant case was not involved in that litigation prior to August 2013, and she has not engaged in substantial discovery which has progressed the present action towards trial or disposition on the merits.

Defendants also seemingly argue that two recent <u>Daubert</u> rulings from the Eastern District of Pennsylvania regarding certain expert testimony in the Zoloft multi-district litigation ("MDL") will help move <u>this</u> case towards trial or disposition on the merits. (<u>See</u> Defs.' Opp'n at 7-9; <u>see also</u> <u>In re Zoloft (Sertraline Hydrocloride) Products Liab. Litig.</u>, MDL No. 2342, 2014 WL 2921648 (E.D. Pa. June 27, 2014); <u>In re Zoloft (Sertraline Hydrocloride) Products Liab. Litig.</u>, MDL No. 2342, 2014 WL 3943916 (E.D. Pa. Aug. 12, 2014).) Yet, these rulings have no bearing on the instant case. They are not binding on this Court, nor is it clear whether they would even be relevant in the present matter. Defendants do not allege that Plaintiff is involved in the Zoloft MDL, and acknowledge in their own filing that Zoloft may have "different properties" than Lexapro. (Defs.' Opp'n at 2 n.2.) There is absolutely no reason for this Court

8

to deny Plaintiff's present motion by looking to two decisions from another district, in different litigation, relating to the proposed expert testimony of two witnesses that may or may not be relevant to this case.

**4.     They delay of one year in filing the Motion to Dismiss does not warrant denial of the motion.**

Plaintiff filed the present motion just over one year after she initially filed her Complaint, and about nine weeks after this Court remanded the majority of the cases on the Master Docket to state court. The Court does not find that any delay was prejudicial to Defendants. For all the reasons set forth above, it is not the case that Plaintiff is moving to dismiss on the eve of trial or after substantial discovery, as this lawsuit has not progressed far beyond the pleadings.

Defendants argue that because Plaintiff's action was pending for over a year, Defendants "incur[red] costs and expend[ed] substantial effort." (Defs.' Opp'n at 7-8.) The Court does not find this contention persuasive, in light of its prior findings, and notes Defendants have put forth no additional evidence concerning how the one year time-span has been prejudicial.

Moreover, since this Court's remand Order on July 2, 2014, four of the remaining five cases from the Master Docket have been dismissed, including one case which was dismissed under Rule 41(a)(2). If anything, it is clear that Plaintiff's stated reason for originally filing in this district, choosing a venue where they can join in consolidated litigation, has eroded almost entirely since July 2, and they subsequently have moved for dismissal within a reasonable time.

**5.     Plaintiff's Motion to Dismiss was not filed to avoid federal jurisdiction.**

The Court finds no evidence that Plaintiff is forum shopping, and has filed this motion to avoid federal jurisdiction. Plaintiff apparently originally filed in this district to participate in the

9

consolidated litigation established by this Court. That objective is clearly no longer possible at this time. There is no longer a core discovery pool to participate in, and Plaintiff wishes to proceed in another venue where she <u>can</u> consolidate their claims with other similarly-situated plaintiffs. The Court can adduce no reason why Plaintiff is improperly or opportunistically moving to dismiss this case and refile in another forum.

     Defendants allege that Plaintiff knew she could file in multiple forums in the first instance where there was consolidated litigation. However, they seem to ignore the fact that Plaintiff did just that, filing in this district to take advantage of consolidated litigation, and then subsequent to Plaintiff's filing in this Court, her reason for filing here was almost entirely eroded. As noted above, Defendants apparently expect plaintiffs to have extraordinary clairvoyance prior to filing, in order to foresee where consolidated litigation will succeed in its purpose or be dismantled prior to trial.

     Additionally, the only advantage Defendants claim that Plaintiff will gain from filing in a "more favorable forum" is supposed relief from the Federal Rules of Civil Procedure and the purported effects of the <u>Daubert</u> decisions in the Zoloft MDL. (Defs.' Br. at 10-11.) Merely gaining a tactical advantage is not enough to show legal prejudice to Defendants. <u>In Re Paoli</u>, 916 F.2d at 863. Also, while the rules of procedure in a state court may vary from those in federal court, Defendants' argument that the recent <u>Daubert</u> decisions from the Zoloft MDL cases in the Eastern District of Pennsylvania are necessarily unfavorable to Plaintiffs in <u>this</u> Court is meritless.

     Based on all of the forgoing reasons, the Court finds that the factors considered weigh in favor of Plaintiff's Motion to Dismiss without prejudice, and Defendants will not be

unreasonably prejudiced by such a dismissal. Accordingly, Plaintiff's Motion to Dismiss will be granted.

### B. Attorney's Fees and Costs Under Rule 41(a)(2)

The Court may impose conditions on the granting of the motion to dismiss without prejudice pursuant to Rule 41(a)(2), such as reimbursement of costs and attorney's fees to defendants. See Fed. R. Civ. P. 41(d). "[T]he purpose of Rule 41(d) [is] to protect the defendant from financing duplicitous and vexatious litigation." Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Because this case has not progressed far beyond the initial pleadings, discovery has been minimal, any materials that have been provided will likely be relevant in subsequent litigation, and minimal time has been spent addressing dispositive motions, the Court will decline to attach any conditions to the dismissal of this action, including the reimbursement of costs and attorney's fees to Defendants. See Young v. Johnson & Johnson Corp., No. 05-2393, 2005 WL 2886218, at *7 (E.D. Pa. Nov. 2, 2005) (denying reimbursement where "little discovery has occurred," the discovery that was obtained "will be useful in [subsequent] litigation," and any wasted expenses spent on the case at hand would be "mitigated, if not entirely eliminated, by the economy of litigating [the similarly-situated cases], including this one, as consolidated cases") (citing John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 191 (E.D. Pa. 1982); Se. Pa Transp. Auth. v. Am. Universal Ins. Co., No. 87-919, 1988 WL 21971 (E.D. Pa. Mar.1, 1988)).[2]

---

[2] The Court also will not impose a venue restriction requiring that Plaintiff refile her case only in this Court. (See Defs.' Opp'n at 10-11.) The Court notes that such a restriction would have little effect on Defendants' overall costs of litigating this case at a later date, and would completely undermine Plaintiff's attempt to refile her case in a venue where she can participate in consolidated litigation. This is not a situation where Plaintiff faces an unfavorable rule or law in this Court and only wishes to refile elsewhere to avoid such a harm to her case.

## III. CONCLUSION

For the reasons expressed above, Plaintiff's Motion to Dismiss will be **GRANTED**. Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE**. An appropriate Order shall issue today.


Dated:   2/25/2015                                          s/ Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge